(No. 12319.—Judgment reversed.)

THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The Atwood-Davis Sand Company, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed December 18, 1918.*

1. PUBLIC UTILITIES—*when order by Public Utilities Commission is unauthorized.* An order made by the Public Utilities Commission finding, without any hearing on the facts or as to present conditions, that an order made more than two years before by the Railroad and Warehouse Commission was reasonable and just and directing the respondent railroad company to obey it is unauthorized, where the Railroad and Warehouse Commission was without power to make the original order.

2. SAME—*effect of section 82 of the Public Utilities act.* Section 82 of the Public Utilities act, authorizing the Public Utilities Commission to enforce all findings, orders, decisions, rules and regulations issued or promulgated by the Railroad and Warehouse Commission, is limited to such findings, orders, decisions, rules and regulations as the Railroad and Warehouse Commission was authorized to make.

APPEAL from the Circuit Court of Sangamon county; the Hon. F. W. BURTON, Judge, presiding.

ROBERT H. WIDDICOMBE, and C. A. VILAS, for appellant.

FYFFE, RYNER & DALE, for appellee the Atwood-Davis Sand Company.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, WILLIAM E. TRAUTMANN, and A. D. RODENBERG, for the Public Utilities Commission.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Atwood-Davis Sand Company is a corporation engaged in the production and shipment of washed sand and gravel from its property near Roscoe, in Winnebago county, on the line of railroad of the Chicago and Northwestern Railway Company. In 1912 it filed a complaint before the Railroad and Warehouse Commission, alleging that the railway company unjustly discriminated against it by excluding the plant and property of the sand company from the sand and gravel shipping zone known as the Fox river district and by charging the sand company a higher shipping rate than was charged shippers located in the Fox river district, and praying that the railway company might be required to answer the charges, and that the Railroad and Warehouse Commission should make such order as was proper. After a hearing upon the complaint the Railroad and Warehouse Commission on July 16, 1912, entered an order, based upon a finding of facts contained in the order, requiring the railway company to extend the Fox river district to include the industry and product of the sand company at whatever rate might then or thereafter be fixed by the railway company for such Fox river district zone. The railway company appealed from this order to the circuit court of Sangamon county, which on January 27, 1914, affirmed the order. The railway company claiming that the commission had no jurisdiction to make the order refused to comply with it. The sand company on September 26, 1914, filed with the State Public Utilities Commission, which had become the successor of the Railroad and Warehouse Commission by virtue of the Public Utilities act, a petition setting out the order of the Railroad and Warehouse Commission and the judgment of the circuit court affirming that order, alleging the failure and refusal of the railway company to comply with the order and praying that the railway company might be required to obey the order of the Railroad and Warehouse Commission. The railway company answered, ad-

mitting the fact that it had never complied with the order of the Railroad and Warehouse Commission, averring that the order was made by the commission without any lawful authority and the commission was without jurisdiction to make the order. No evidence was offered on the hearing. The counsel for the railway company objected to the entry of any order, insisting that there was nothing before the Public Utilities Commission; that the only authority of the commission was to institute prosecutions for fines and penalties under the law. Counsel for the sand company stated that he had not asked for an additional order, and what he wanted was that the commission should proceed to enforce the order by fines or otherwise. Thereupon the Public Utilities Commission on December 17, 1914, entered an order which, after reciting the order of the Railroad and Warehouse Commission and its affirmance by the circuit court, continued: "The commission finds that it has jurisdiction of the parties and of the subject matter in this cause, and the commission having considered said petition and the briefs that have been filed by the respective parties herein, and being fully advised in the premises, finds that the order of the Railroad and Warehouse Commission was and is reasonable and just, that said order was made and issued in the exercise of proper jurisdiction and lawful authority, and that the terms and provisions of said order should be complied with. It is therefore ordered that the defendant herein, the Chicago and Northwestern Railway Company, be and the same is hereby directed and required to comply with the terms and provisions of said order of the Railroad and Warehouse Commission issued under date of July 16, 1912." The railway company made a motion to set aside this order and for a rehearing on the ground that at the time of the hearing the attorney for the sand company stated that the petition was filed for the purpose, only, of having the Public Utilities Commission bring proceedings under the criminal law or by *mandamus* to enforce the or-

der of the Railroad and Warehouse Commission of July 16, 1912; that it did not desire any order made by the commission, and there was nothing that the commission could do in the premises except to enforce the old order; that the only matter heard before the Public Utilities Commission was the question as to whether the commission should direct or request the State's attorney to bring proceedings for the enforcement of the order of the Railroad and Warehouse Commission, and that no hearing was had upon any of the matters determined or which it was claimed were determined by the order of the Railroad and Warehouse Commission, and that by reason of the premises the Public Utilities Commission was without jurisdiction to enter the order which had been entered. This motion for a rehearing was denied. The railway company appealed to the circuit court of Sangamon county, where the cause was continued from January, 1915, to the May term, 1918, when the order of the Public Utilities Commission was affirmed and the railway company has appealed to this court. In the meantime, during the pendency of the appeal in the circuit court, the Public Utilities Commission applied to this court for a writ of *mandamus* commanding the railway company to comply with the order of the Railroad and Warehouse Commission, but the writ was denied at the December term, 1915, on the ground that the Railroad and Warehouse Commission had not the power to make the order. *People* v. *Chicago and Northwestern Railway Co.* 270 Ill. 232.

The appellant insists that the question presented for determination was adjudicated in the case of *People* v. *Chicago and Northwestern Railway Co. supra.* In that case the question presented was the power of the Railroad and Warehouse Commission to make the order and it was adjudicated that it had not the power. The question in this case is the power of the Public Utilities Commission to make the order which it made. That order is in form an order to comply with the void order of the Railroad and

Warehouse Commission. The power of the Public Utilities Commission in a proper case to make such an order as was made by the Railroad and Warehouse Commission is not questioned, but it is insisted that no such case was presented to the Public Utilities Commission and that there was no hearing before it of any question of discrimination. The prayer of the petition was that the railway company might be required to obey the order of the Railroad and Warehouse Commission, and the finding of the Public Utilities Commission was that the order of the Railroad and Warehouse Commission was and is reasonable and just and was made in the exercise of proper jurisdiction and lawful authority and its terms and conditions should be complied with. The petition did not ask for any investigation of the question of discrimination and there was no such investigation. Counsel for the railway company stated that if it was desired to investigate and re-try the case before the commission they were ready to do so, but counsel for the petitioner stated that what he wanted was that the order of the Railroad and Warehouse Commission should be enforced. There was no evidence that the rates charged by the railway company at the time of the hearing before the Public Utilities Commission or at the time the petition was filed with it were discriminatory. The order of the Public Utilities Commission was based entirely on the order of the Railroad and Warehouse Commission and the findings contained in that order, which was entered more than two years before the petition was presented to the Public Utilities Commission. The order does not purport to be based upon any condition of facts existing at the time the petition was presented but upon facts as they existed more than two years before.

The question of the right of the Public Utilities Commission to act upon the findings of fact upon the order of the Railroad and Warehouse Commission is argued but is not material. The Public Utilities Commission could only

make an order based upon existing conditions. The petition made no reference to existing conditions but referred only to the order of the Railroad and Warehouse Commission made over two years before, with which the railway company had failed to comply. The order of the Public Utilities Commission cannot be construed as an original order requiring the railway company at that time to extend the Fox river district to include the plant and product of the sand company. The order did not find, and there was no evidence, that the rates charged, or other conditions, were the same as they were at the time of the hearing before the Railroad and Warehouse Commission or that at the time of the hearing before the Public Utilities Commission the rates were discriminatory, but without any investigation of present conditions and without making any order in regard to them directed the railway company to comply with the void order of the Railroad and Warehouse Commission. Section 82 of the Public Utilities act authorizes the Public Utilities Commission to enforce all findings, orders, decisions, rules and regulations issued or promulgated by the board of Railroad and Warehouse Commissioners under the act establishing or conferring powers on said board, in the same manner and under the same conditions as though said findings, orders, decisions, rules and regulations had been made, issued or promulgated by the Public Utilities Commission, but they must be such findings, orders, decisions, rules and regulations as the Railroad and Warehouse Commission was authorized to make. The act does not authorize the enforcement of an order which the Railroad and Warehouse Commission had no authority to make.

The judgment of the circuit court will be reversed.

*Judgment reversed.*